**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| TEA CISNEROS-DYSTHE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,<br><br>Defendant. | Case No. 2:17-cv-02143-RFB-GWF<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff Tea Cisneros-Dysthe's Motion for Remand, ECF No. 17, and Defendant Nancy A. Berryhill's Cross-Motion to Affirm, ECF No. 18.

For the reasons discussed below, the Court finds that the ALJ's decision contains no legal error and is supported by substantial evidence. Therefore, the Court denies Plaintiff's Motion for Remand and grants Defendant's Cross-Motion to Affirm.

## II. BACKGROUND

On October 22, 2013, Plaintiff completed an application for disability insurance benefits alleging disability since April 1, 2003. AR 114. Plaintiff was denied initially and upon administrative reconsideration. AR 150–53, 157–59. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and appeared on December 1, 2015. AR 43. At the hearing, Plaintiff amended her alleged disability onset date to December 23, 2011. AR 43, 85–86. In an opinion dated January 21, 2016, ALJ Berry Jenkins found Plaintiff not disabled. AR 43–54. The

Appeals Council denied Plaintiff's request for review on June 5, 2017, rendering the ALJ's decision final. AR 1-7.

The ALJ followed the five-step sequential evaluation process for determining Social Security disability claims set forth at 20 C.F.R. § 404.1520(a)(4). At step one, that ALJ found that Plaintiff has not engaged in substantial gainful activity since October 22, 2013, the application date. AR 45. At step two, the ALJ found that Plaintiff has the following severe impairments: obesity, dysfunction of major joints, lupus, depression, anxiety, personality disorder, fibromyalgia, and Sjogren's syndrome. AR 45. At step three, the ALJ found that Plaintiff's impairments do not meet or medically equal a listed impairment. AR 45–48.

The ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations: she can never climb ladders, ropes or scaffolds, but can perform all other postural activities occasionally; she must avoid concentrated exposure to hazardous machinery, unprotected heights and operational control of moving machinery; and she is limited to simple tasks typical of unskilled occupations with no production rate pace work. AR 48.

Based on this RFC, the ALJ found at step four that Plaintiff was unable to perform her past relevant work as a general office clerk. AR 52. At the last step, the ALJ determined based on the vocational expert's testimony that Plaintiff can perform a significant number of jobs in the national economy. AR 53–54. Therefore, the ALJ concluded that Plaintiff is not disabled. AR 54.

### III. LEGAL STANDARD

42 U.S.C. § 405(g) provides for judicial review of the Commissioner's disability determinations and authorizes district courts to enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." In undertaking that review, an ALJ's "disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (citation omitted). "Substantial evidence means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable

person might accept as adequate to support a conclusion." Id. (quoting Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007)) (quotation marks omitted).

"If the evidence can reasonably support either affirming or reversing a decision, [a reviewing court] may not substitute [its] judgment for that of the Commissioner." Lingenfelter, 504 F.3d at 1035. Nevertheless, the Court may not simply affirm by selecting a subset of the evidence supporting the ALJ's conclusion, nor can the Court affirm on a ground on which the ALJ did not rely. Garrison, 759 F.3d at 1009–10. Rather, the Court must "review the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion," to determine whether that conclusion is supported by substantial evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Id. When determining the credibility of a claimant's testimony, the ALJ engages in a two-step analysis. Garrison, 759 F.3d at 1014–15. First, the claimant must have presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." Lingenfelter, 504 F.3d at 1035–36 (quoting Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir. 1991)). The claimant does not need to produce evidence of the symptoms alleged or their severity, but she must show the impairments could reasonably cause some degree of the symptoms. Smolen v. Chater, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, the ALJ determines the credibility of the claimant's testimony regarding the severity of her symptoms. Garrison at 1014–15. Unless affirmative evidence supports a finding of malingering, the ALJ may only reject the claimant's testimony by providing "specific findings as to credibility and stating clear and convincing reasons for each." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

The Social Security Act has established a five-step sequential evaluation procedure for determining Social Security disability claims. See 20 C.F.R. § 404.1520(a)(4); Garrison, 759 F.3d at 1010. "The burden of proof is on the claimant at steps one through four, but shifts to the Commissioner at step five." Garrison, 759 F.3d at 1011. Here, the ALJ resolved Plaintiff's claim at step five. At step five, the ALJ determines based on the claimant's RFC whether the she can

make an adjustment to substantial gainful work other than the claimant's past relevant work. 20 C.F.R. § 404.1520(g).

**IV.    DISCUSSION**

**A. PA Johnson's Opinion**

Plaintiff first argues that the ALJ improperly gave "limited weight" to the medical opinion of Kyle Johnson, PA-C. A certified physician assistant is not considered an "acceptable medical source," but rather an "other source" entitled to less deference than licensed physicians and certain other qualified specialists. Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). The ALJ could therefore discount PA Johnson's opinion by providing a germane reason. Id.

The ALJ determined that PA Johnson's assessment was not fully supported by the record because the ALJ found "insufficient evidence to limit [Plaintiff] to only 2 hours standing/walking or limiting her to never climbing ramps or stairs." AR 51. Plaintiff argues that PA Johnson's opinion was supported by objective medical evidence of degenerative disc disease in Plaintiff's spine and bilateral labral flaying of Plaintiff's hips. But while the objective evidence of record could support PA Johnson's opinion, it could also support an opinion that Plaintiff has fewer limitations. Derek J. Leinenbach, M.D., who conducted a consultative examination of Plaintiff, opined that she could climb ramps and stairs and could stand and/or walk for six hours in an eight-hour workday. AR 49. The medical consultants who conducted the disability determinations initially and on reconsideration also opined that Plaintiff could climb ramps and stairs and could stand and/or walk six hours in an eight-hour workday. AR 50. The ALJ did not err as a matter of law by crediting and adopting the limitations articulated by licensed physicians over the limitations articulated by PA Johnson, even though PA Johnson was Plaintiff's treating medical professional. See Molina, 674 F.3d at 1112 (finding no error where the ALJ credited the testimony of a licensed physician who examined the claimant once over the conflicting testimony of a physician assistant who was the claimant's primary care provider). The ALJ therefore provided a germane reason for giving limited weight to PA Johnson's opinion.

**B. Credibility Determination**

Plaintiff next argues that the ALJ erroneously found that, while Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, her statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible.

As the ALJ did not find evidence of malingering, the ALJ may only reject Plaintiff's testimony regarding the severity of her symptoms with specific, clear, and convincing reasons. Garrison, 759 F.3d at 1014–15 (9th Cir. 2014). "The clear and convincing standard is the most demanding required in Social Security cases." Id. at 1015 (quoting Moore v. Comm'r of Soc. Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002)). The ALJ must identify with specificity "what testimony is not credible and what evidence undermines the claimant's complaints." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995).

Plaintiff challenges several of the reasons the ALJ cites for finding that Plaintiff's statements were not entirely credible. The Court addresses each reason in turn.

a. Functional Overlay

The ALJ noted that "functional overlay was favored to be present by Dr. Leinenbach," which "diminishes the claimant's overall credibility." AR 49. This evidence of functional overlay was a clear and convincing reason to give Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms less weight. Meyers v. Apfel, 187 F.3d 648 (9th Cir. 1999) (unpublished) (noting that the record, including evidence of functional overlay, supported the ALJ's conclusion that the claimant exaggerated symptoms).

b. Activities of Daily Living

The ALJ found that Plaintiff "can perform a wide variety of daily activities." AR 52. The ALJ noted that Plaintiff testified to participating in household chores such as cooking and cleaning, walking her mother's dog, going to the grocery store once a week, and taking her mother to doctor's appointments twice a week.

The Court finds that while the ALJ appeared to disregard Plaintiff's reported difficulty in performing these tasks, the ALJ did not err in finding that her performance of these tasks, even

with difficulty, was inconsistent with the degree of disability that Plaintiff alleged. Even where a claimant's daily activities "suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment." Molina, 674 F.3d at 1113. Plaintiff testified that her pain is constant and severe enough that she must lie down every day. AR 104. She testified that she spends the majority of her day in bed. AR 96. She testified that her regular headache pain constantly interferes with her daily life and that her headaches can then escalate to the point where she cannot do anything at all. AR 104. She testified that she easily gets lost driving or forgets where she is going, even when driving to places she has been before. AR 101. Substantial evidence supports a finding that Plaintiff's ability to cook, clean, and drive, even with difficulty, is inconsistent with Plaintiff's testimony that her pain is debilitating every day and that she easily gets lost and forgetful while driving.

### c. Earnings History

Plaintiff argues that the ALJ's comments regarding her work history were not supported by substantial evidence. The ALJ found that Plaintiff had an "extremely poor earnings history":

> Specifically, she has only worked four years since 1995 and only two of those years were at substantial gainful activity level (Exhibit 2D, Exhibit 4D, and Exhibit SD). She has not worked since 2002. Thus, the claimant has benefit motivation as she stands to gain more in benefits than she has ever earned from working.

AR 52. Plaintiff argues that she was disabled and unable to perform work activity for many years, but never needed to apply for benefits because her husband was supporting her. However, Plaintiff's medical records do not date earlier than 2013, so there is no evidence in the record to support such a finding. A claimant's poor work history is a specific, clear, and convincing reason for discounting the claimant's testimony. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

### d. Additional Inconsistencies

The ALJ identified two additional inconsistencies between Plaintiff's statements and the record that are not supported by substantial evidence, but the Court finds these errors to be harmless. First, the ALJ credited that Plaintiff experienced pain but found that the objective clinical findings did not support the degree of pain Plaintiff alleged. AR 49. The ALJ found that

Plaintiff's pain has not been so severe as to preclude use of full strength or full motion, to preclude engaging in a normal gait, or to render her so inactive as to result in atrophy. AR 51. Second, the ALJ found that "the medical records do not document that the claimant was ever refused treatment or medication for any reason, including insufficient funds," and the ALJ therefore found "not convincing the claimant's assertions of a lack of financial resources as a reason for failing to seek or receive treatment." AR 50.

The Court does not find that Plaintiff testified to atrophying levels of pain, nor did she testify that a lack of financial resources was a barrier to medically necessary treatment. The Court is unable to identify where in the record Plaintiff ever made such assertions. But because the ALJ also relied on several permissible reasons for finding that Plaintiff's statements were not entirely credible, the Court finds that any error was harmless. See Molina, 674 F.3d at 1111, 1115.

**C. Step Five**

Plaintiff lastly argues that the ALJ erred at step five. The ALJ found, based on the vocational expert's testimony, that Plaintiff could perform the following occupations: (1) Stock Checker, Apparel (DOT #299.667-014), SVP level 2 (unskilled), light exertion level; (2) Cashier 2 (DOT #211.462-010), SVP level 2 (unskilled), light exertion level; (3) Ticket Taker (DOT #344-667-010), SVP level 2 (unskilled), light exertion level; (4) Routing Clerk (DOT #222.687-022), SVP level 2 (unskilled), light exertion level; (5) Election Clerk (DOT #205.367-030), SVP level 2 (unskilled), sedentary exertion level; (6) Order Clerk (DOT #209.567-014), SVP level 2 (unskilled), sedentary exertion level; and (7) Document Preparer (DOT #249.587-018), SVP level 2 (unskilled), sedentary exertion level. AR 53–54.

Plaintiff argues that the three occupations identified that require only a sedentary exertion level are improper because if Plaintiff was limited to sedentary work, she would be deemed disabled pursuant to the Medical-Vocational Guidelines at 20 C.F.R. § 404, Subpart P, Appendix 2. But as the ALJ did not find Plaintiff to be limited to sedentary work, the finding that Plaintiff could perform a sedentary occupation as well as a light exertion level occupation does not implicate the Medical-Vocational Guidelines.

Plaintiff also argues that "Cashier 2" is described in the Dictionary of Occupational Titles as having a GED Reasoning Level of 3, which is inconsistent with the ALJ's finding that Plaintiff is limited to simple tasks. To the extent this was an error, however, it was harmless, as the ALJ identified six other viable occupations. See Molina, 674 F.3d at 1111, 1115.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (ECF No. 17 is DENIED and Defendant's Cross-Motion to Affirm (ECF No. 18) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Defendant, and against Plaintiff. The Clerk of Court is instructed to close the case.

**DATED** this 10th day of May, 2019.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**